**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| BRADLEY RONEY, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>PRIME ENERGY SERVICES, LLC,<br><br>    Defendant. | **Case No.** _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.      Plaintiff Bradley Roney (Roney) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Prime Energy Services, LLC (Prime Energy) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.      Roney worked for Prime Energy as an Inspector.

3.      Roney and the Day Rate Inspectors (as defined below) regularly worked more than 40 hours a week.

4.      But these Inspectors never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, Prime Energy pays these workers a flat amount for each day worked (a "day rate") without overtime compensation when they worked in excess of 40 hours in a workweek.

6.      Prime Energy never paid Roney or the Day Rate Inspectors a guaranteed salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this claim occurred in this District and Division.

10.     Roney worked for Prime Energy in this District and Division.

11.     Specifically, Roney worked for Prime Energy in and around Karnes County, Texas.

12.     Prime Energy conducts substantial business operations in this District and Division.

## PARTIES

13.     Roney worked for Prime Energy as an Inspector from approximately November 2019 until March 2020.

14.     Throughout his employment with Prime Energy, Roney was paid a day rate with no overtime compensation.

15.     Roney's written consent to be a party plaintiff is attached as Exhibit A.

16.     Roney brings this action on behalf of himself and all other similarly situated workers who were paid by Prime Energy's disguised day rate system.

17.     Prime Energy paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

18.     The collective of similarly situated employees or Day Rate Inspectors sought to be certified is defined as follows:

> **All current and former Prime Energy Inspectors who were paid a day rate with no overtime at any time during the past 3 years (Day Rate Inspectors).**

19.     The Day Rate Inspectors are easily ascertainable from Prime Energy's business and personnel records.

20.     Defendant Prime Energy, LLC is a limited liability company headquartered in Hollywood, Florida that may be served with process by serving its registered agent Ben Fussell at 654 N. Sam Houston Pkwy. East, Suite 300, Houston, Texas 77060.

## COVERAGE UNDER THE FLSA

21.     At all relevant times, Prime Energy has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

22.     At all relevant times, Prime Energy has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

23.     At all relevant times, Prime Energy has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Prime Energy has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

24.     In each of the last 3 years, Prime Energy has had annual gross volume of sales made or business done of at least $1,000,000.

25.     At all relevant times, Roney and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

26.     Prime Energy uniformly applied its policy of paying its employees, including Roney, a day rate with no overtime compensation.

27.     Prime Energy applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

28.     By paying their employees a day rate with no overtime compensation, Prime Energy violated (and continues to violate) the FLSA's requirement that it pay its employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29.     As a result of this policy, Roney and the Day Rate Inspectors do not receive overtime as required by the FLSA.

30.     Prime Energy's uniform compensation scheme of paying its employees a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

31.     Prime Energy bills itself as "a full-service Survey and Inspection firm that specializes in oil and gas pipelines, gathering systems and facilities for midstream and exploration & production companies."[1]

32.     To complete its business objectives, Prime Energy hires Inspectors, such as Roney, to "handle all aspects of inspection for oil and gas mainline transmission pipelines, gathering and trunk lines, compressor and metering stations, launching and receiving sites and other related facilities."[2]

33.     Many of these individuals worked for Prime Energy on a day rate basis (without overtime pay).

34.     These workers make up the proposed Putative Class.

35.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

36.     For example, Roney worked for Prime Energy as a Tank Inspector from approximately November 2019 through March 2020 in and around Karnes County.

37.     During this time, Prime Energy assigned Roney to work on projects for Energy Transfer.

38.     Throughout his employment with Prime Energy, Prime Energy paid him on a day rate basis.

---

[1] http://primeenergyservices.com/ (last visited June 17, 2021).
[2] http://primeenergyservices.com/#about (last visited June 17, 2021).

39.    Roney and the Day Rate Inspectors work for Prime Energy under its day rate pay scheme.

40.    Roney and the Day Rate Inspectors did not receive a salary.

41.    If Roney and the Day Rate Inspectors did not work, they did not get paid.

42.    Roney and the Day Rate Inspectors received a day rate.

43.    Roney and the Day Rate Inspectors did not receive overtime pay.

44.    This is despite the fact that Roney and the Day Rate Inspectors often work 12+ hours a day, for as many as 7 days a week, for weeks at a time.

45.    Roney's and the Day Rate Inspectors' day rate is derived by dividing their two-week gross pay by the number of days they worked.

46.    Prime Energy attempts to disguise its day rate pay scheme as an hourly rate system, but it pays Roney and the Day Rate Inspectors the same amount per day (based on a 10-hour day), regardless of the number of hours that they worked.

47.    Although he typically worked 7 days a week, often for 12+ hours a day, he did not receive any overtime pay.

48.    Roney's work schedule is typical of the Day Rate Inspectors.

49.    Roney and the Day Rate Inspectors received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

50.    Prime Energy knows Roney and the Day Rate Inspectors work for 12+ hours a day, for as many as 7 days a week.

51.    Prime Energy's records reflect the fact that Roney and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

52.    Prime Energy does not pay Roney or the Day Rate Inspectors overtime for hours worked in excess of 40 in any of those weeks.

53.    Instead, Prime Energy pays Roney and the Day Rate Inspectors on a day rate basis.

54.     Very little skill, training, or initiative is required of Roney and the Day Rate Inspectors to perform their job duties.

55.     Indeed, the daily and weekly activities of Roney and the Day Rate Inspectors are routine and largely governed by standardized plans, procedures, and checklists created by Prime Energy and/or its clients.

56.     Virtually every job function is predetermined by Prime Energy (or its clients), including the tools and equipment used at the job site, the data to compile, the standards to inspect, the schedule of work, and related work duties.

57.     Prime Energy prohibits Roney and the Day Rate Inspectors from varying their job duties outside of the predetermined parameters and requires Roney and the Day Rate Inspectors to follow Prime Energy's and its clients' policies, procedures, and directives.

58.     Roney and the Day Rate Inspectors perform routine job duties largely dictated by Prime Energy.

59.     All of Prime Energy's Day Rate Inspectors perform similar inspection job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

60.     All of Prime Energy's Day Rate Inspectors work similar hours and are denied overtime as a result of the same illegal pay practice.

61.     All of Prime Energy's Day Rate Inspectors work in excess of 40 hours each week and often work 84+ hours in a workweek.

62.     Prime Energy uniformly denies Roney and the Day Rate Inspectors overtime for the hours they work in excess of 40 hours in a single workweek.

63.     Roney and the Day Rate Inspectors are not employed on a salary basis.

64.     Roney and the Day Rate Inspectors do not, and have never, received guaranteed weekly compensation from Prime Energy irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

65.     Prime Energy's policy of paying Roney and the Day Rate Inspectors a day rate with no overtime compensation violates the FLSA because it deprives Roney and the Day Rate Inspectors of overtime for the hours they work in excess of 40 hours in a single workweek.

66.     Prime Energy knew Roney and the Day Rate Inspectors worked more than 40 hours in a week.

67.     Prime Energy knew, or showed reckless disregard for whether, the Day Rate Inspectors were not exempt from the FLSA's overtime provisions.

68.     Nonetheless, Prime Energy failed to pay Roney and the Day Rate Inspectors overtime.

69.     Prime Energy knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

70.     Roney brings this claim as a collective action under the FLSA.

71.     The Day Rate Inspectors were victimized by Prime Energy's pattern, practice, and/or policy which is in willful violation of the FLSA.

72.     Other day rate workers worked with Roney and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

73.     Based on his experiences with Prime Energy, Roney is aware that Prime Energy's illegal practices were imposed on the Day Rate Inspectors.

74.     The Day Rate Inspectors are similarly situated in all relevant respects.

75.     Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

76.     The illegal day rate policy that Prime Energy imposes on Roney is likewise imposed on all Day Rate Inspectors.

77.     Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

78.     The Day Rate Inspectors are similarly denied overtime when they work more than 40 hours per week.

79.     The overtime owed to Roney and the Day Rate Inspectors will be calculated using the same records and using the same formula.

80.     Roney's experiences are therefore typical of the experiences of the Day Rate Inspectors.

81.     The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

82.     Roney has no interests contrary to, or in conflict with, the Day Rate Inspectors that would prevent collective treatment.

83.     Like each Day Rate Inspector, Roney has an interest in obtaining the unpaid overtime wages owed under federal law.

84.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

85.     Absent a collective action, many Day Rate Inspectors will not obtain redress of their injuries, and Prime Energy will reap the unjust benefits of violating the FLSA.

86.     Further, even if some of the Day Rate Inspectors could afford individual litigation against Prime Energy, it would be unduly burdensome to the judicial system.

87.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Inspectors, as well as provide judicial consistency.

88.     Roney and the Day Rate Inspectors sustained damages arising out of Prime Energy's illegal and uniform employment policy.

89.     Roney knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

90.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Prime Energy's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

91.     Prime Energy is liable under the FLSA for failing to pay overtime to Roney and the Day Rate Inspectors.

92.     Consistent with Prime Energy's illegal day rate policy, Roney and the Day Rate Inspectors were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

93.     As part of their regular business practices, Prime Energy intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Roney and the Day Rate Inspectors.

94.     Prime Energy's illegal day rate policy deprived Roney and the Day Rate Inspectors of the premium overtime wages they are owed under federal law.

95.     Prime Energy is aware, or should have been aware, that the FLSA required them to pay Roney and the Day Rate Inspectors overtime premiums for all hours worked in excess of 40 hours per workweek.

96.     There are many similarly situated Day Rate Inspectors who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

97.     This notice should be sent to the Day Rate Inspectors pursuant to 29 U.S.C. § 216(b).

98.     Those similarly situated employees are known to Prime Energy, are readily identifiable, and can be located through Prime Energy's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

99.     Roney brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

100.    Prime Energy employed, or employs, Roney and the Day Rate Inspectors within the meaning of the FLSA.

101.    By failing to pay Roney and the Day Rate Inspectors overtime when they worked in excess of 40 hours in a workweek, Prime Energy has violated, and is violating, Section 7 of the FLSA. 29 U.S.C. § 207.

102.    Prime Energy failed to pay Roney and the Day Rate Inspectors a guaranteed salary or on a "salary basis."

103.    Prime Energy failed to pay Roney and the Day Rate Inspectors overtime as required by the FLSA.

104.    Instead, Prime Energy paid Roney and the Day Rate Inspectors a day rate with no overtime.

105.    Prime Energy knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Inspectors overtime compensation.

106.    Prime Energy's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

107.    Accordingly, Roney and the Day Rate Inspectors are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

108.    Roney demands a trial by jury.

**PRAYER**

WHEREFORE, Roney, individually, and on behalf of the Day Rate Inspectors respectfully requests that this Court grant the following relief:

a.   An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Inspectors to permit them to join this action by filing a written notice of consent;

b.   A judgment against Prime Energy awarding Roney and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c.   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d.   An order awarding attorneys' fees, costs, and expenses;

e.   Pre- and post-judgment interest at the highest applicable rates; and

f.   Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*

   **Michael A. Josephson**
   Texas Bar No. 24014780
   **Andrew W. Dunlap**
   Texas Bar No. 24078444
   **William R. Liles**
   Texas Bar No. 24083395
   **JOSEPHSON DUNLAP, LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   mjosephson@mybackwages.com
   adunlap@mybackwages.com
   wliles@mybackwages.com

   **Richard J. (Rex) Burch**
   Texas Bar No. 24001807
   **BRUCKNER BURCH, PLLC**
   11 Greenway Plaza, Suite 3025
   Houston, Texas 77046
   713-877-8788 – Telephone
   713-877-8065 – Facsimile
   rburch@brucknerburch.com

   **ATTORNEYS FOR PLAINTIFF**
   **& PUTATIVE CLASS MEMBERS**